United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA NIELSEN a/k/a TINA SIMMONS a/k/a TINA SIMMONS NIELSEN,<br><br>            Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>            Defendant.                              / | No. C 05-1759 SBA<br><br>**ORDER**<br><br>[Docket No. 26] |

This matter comes before the Court on the parties' March 13, 2006 stipulated request to continue the pre-trial deadlines and trial date in the above-captioned matter [Docket No. 26]. In the stipulation, the parties request, *inter alia*, that the Court continue the Pretrial Conference from June 27, 2006 to October 31, 2006 and the trial from July 11, 2006 to November 6, 2006. The sole basis for the parties' request is the fact that the parties only completed limited discovery prior to their January 27, 2006 ENE session in order to save costs and are now unable to complete "key" depositions before the discovery cut-off deadline of April 3, 2006. The parties also state that they decided to "stay" discovery after the ENE session in order to pursue further settlement discussions.

The decision of whether to grant or deny a request for continuance is a matter within the district court's discretion. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 960 (9th Cir. 2001). Having considered the parties' stipulation, and the reasons set forth therein, the Court finds that the parties have failed to show good cause sufficient to justify a continuance of the Pretrial Conference and trial date. When the

parties submitted their initial Case Management Conference statement in September 2005, the parties informed the Court that they would be able to have discovery completed by April 3, 2006 and would be prepared for trial as early as July 10, 2006. The Court relied on the parties' representations when it scheduled the trial to commence on July 11, 2006. A continuance of the trial date to November 2006 would significantly disrupt this Court's trial schedule, would result in the Court having to rearrange its calendar, and would potentially impact the timely resolution of a number of other cases. As such, the Court is not inclined to continue the trial date for an additional four months merely because the parties opted to discuss settlement in lieu of conducting the necessary discovery. Further, the parties have not provided the Court with any reason why the depositions cannot be completed if discovery is continued for an additional three weeks.

Accordingly,

IT IS HEREBY ORDERED THAT the parties' March 13, 2006 Stipulation [Docket No. 26] is DENIED IN PART.

IT IS FURTHER ORDERED THAT the factual discovery cut-off deadline is CONTINUED from April 3, 2006 to **April 25, 2006.**

IT IS FURTHER ORDERED THAT the motion cut-off deadline is CONTINUED from May 9, 2006 to **May 30, 2006**. <u>Except as expressly noted herein, ALL other deadlines set forth in the September 9, 2005 Order for Pretrial Preparation – including but not limited to the Pretrial Conference, trial date, and deadlines relating to expert discovery – shall remain in full force and effect.</u> The parties are also expressly warned that this Court is NOT inclined to grant any further continuances unless the parties are able to clearly demonstrate that they have exercised the utmost diligence in prosecuting this action but, for reasons outside of their control, have been unable to complete the necessary discovery.

IT IS SO ORDERED.

Dated: 3/16/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California