IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA NEILSEN a/k/a TINA SIMMONS a/k/a TINA SIMMONS NEILSEN,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | No. C 05-1759 SBA<br><br>**ORDER**<br><br>[Docket No. 28] |

This matter comes before the Court on the parties' March 22, 2006 stipulated request to continue the pre-trial deadlines and trial date in the above-captioned matter [Docket No. 28]. This is the parties' second request for a continuance of the trial date. In the last stipulation, filed on March 13, 2006, the parties requested a continuance of the pre-trial and trial dates due to the fact that the parties had only completed limited discovery prior to their January 27, 2006 ENE session in order to save costs and were therefore unable to complete "key" depositions before the discovery cut-off deadline of April 3, 2006.

In a March 17, 2006 Order, the Court denied the request for a continuance of the pre-trial and trial dates, but extended the fact discovery deadline to April 25, 2006 and the motion cut-off deadline to May 30, 2006.

In the current stipulation, the parties again request a continuance of the July 11, 2006 trial date to November 6, 2006, and further request corresponding extensions of all of the relevant pre-trial deadlines. The basis for the current request is the fact that lead trial counsel for Defendant Wal-Mart Stores, Inc. is scheduled to commence trial in the matter of *Juanita Martindale v. Wal-Mart Stores, Inc.*, Case No. CIV S-04-1909 MCE, on July 12, 2006 in the United States District Court for the Eastern District of California. The parties expressly acknowledge in the stipulation that they were aware of this conflict at the time of the initial Case Management Conference.

In its March 17, 2006 Order, this Court explained to the parties that it relied on the parties' representations regarding their availability when it scheduled the trial to commence on July 11, 2006. The stipulation currently before the Court provides *no* explanation for the fact that Defendant's counsel allowed the Court to issue a scheduling order that created a conflict between the trial date for the above-captioned matter and another case. The parties also fail to explain to the Court why this conflict was not brought to the Court's attention until now. Indeed, the Court notes that the current reason for the requested continuance was not included in the March 13, 2006 stipulation.

Further, as this Court has already noted, a continuance of the trial date to November 2006 would significantly disrupt this Court's trial schedule, would result in the Court having to rearrange its calendar, and would potentially impact the timely resolution of a number of other cases. Moreover, since the trial date in both matters is approximately four months away, there is a strong possibility that one or both cases may be resolved in the interim, thereby eliminating the current conflict. Additionally, the instant request is based only on the unavailability of "lead" trial counsel for Defendant. However, the Court does not require the presence of any particular attorney for the trial and notes that Defendant is represented by a firm, not a sole practitioner. Indeed, at least one other attorney of Phillips, Spallas & Angstadt LLP has already appeared before this Court in the above-captioned matter and the Court assumes that this attorney, as well as the other members of Defendant's counsel's firm, are members of the bar and are fully qualified to try this case. As such, the Court is not inclined to continue the trial date or the pretrial deadlines at this time. However, in the event that the conflict is not resolved by June 12, 2006, the parties are hereby granted leave to resubmit a request for a continuance on that date.

2

Accordingly,

IT IS HEREBY ORDERED THAT the parties' March 22, 2006 Stipulation [Docket No. 28] is DENIED WITHOUT PREJUDICE.  In the event that the conflict between the trial dates in the above-captioned case and *Juanita Martindale v. Wal-Mart Stores, Inc.*, Case No. CIV S-04-1909 MCE, is not resolved by **June 12, 2006**, the parties are granted leave to file a renewed request at that time.  The parties are expressly warned that this Court is NOT inclined to grant any further continuances for any other reason unless the parties are able to clearly demonstrate that they have exercised the utmost diligence in prosecuting this action.

IT IS SO ORDERED.

Dated: 3/27/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge